IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LINDA RISER; LORNA MULKEY; BRENDA TIMMS; BARBARA RUNK; GRETA WILLEMS; MICHELLE WELLS, | Civ. No. 6:23-cv-01720-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant St. Charles Health System, Inc.. ECF No. 5. Despite an extension of time, ECF No. 10, Plaintiff has not responded to the motion and the time for doing so has passed. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## INCORPORATION BY REFERENCE

Defendant requests that the Court consider (1) the right-to-sue letters issued to Plaintiffs by the Oregon Bureau of Labor and Industries ("BOLI") and the federal Equal Employment Opportunity Commission ("EEOC") attached as exhibits to the Declaration of Ryan Gibson, ECF No. 7; and (2) the COVID-19 vaccination religious exception requests submitted to Defendant by Plaintiffs Brenda Timms and Greta Willems and attached as exhibits to the Declaration of Kristina Durr, ECF No. 6.

The general rule is that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation-by-reference doctrine is one of "two exceptions to this [general] rule[.]" *Id*. The incorporation-by-reference doctrine is a judicial creation that "treats certain documents as though they are part of the complaint itself" and "prevents plaintiff from selecting only portions of documents that support their claims, while omitting

portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Ninth Circuit has previously recognized that "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms a basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). With respect to the extensiveness of the complaint's references, the Ninth Circuit has "held that 'the mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*." *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

Here, Plaintiffs' Complaint references the receipt of right-to-sue letters issued by the EEOC. Compl. ¶¶ 9, 13, 17, 20, 24, 27. ECF No. 1. In addition, the Court "may take judicial notice of records and reports of administrative bodies" and "may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distributors, Inc.*. 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotation marks and citations omitted), *abrogated on other grounds by Astoria Fed. S&L Ass'n v. Soimino*, 501 U.S. 104 (1991). Courts within this District have applied this latitude to consider BOLI right-to-sue letters when considering similar motions. *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2023 WL 5237698, at *1 n.1 (D. Or. Aug. 15, 2023) (considering BOLI right-to-sue letters in assessing a challenge to the timeliness of a plaintiff's claim). The Court concludes that Exhibits 1 through 12 of the Gibson Declaration are proper subjects of judicial

notice and may be considered without converting the motion into one for summary judgment.

Plaintiffs' Complaint also references requests for religious exceptions to the COVID-19 vaccine requirement and specifically refers to the requests made by Timms and Willems. Compl. ¶¶ 15, 23. Plaintiffs allege that they "sincerely held religious beliefs" that "conflicted with the Defendant's COVID-19 vaccine mandate" and that they made requests for exceptions from the mandate on religious grounds. *Id.* at ¶¶ 34-35. Plaintiffs assert that Defendants did not accommodate them and that the "unlawful discrimination against Plaintiffs' religion by Defendant . . . was a proximate cause of Plaintiffs' individual wrongful terminations." *Id.* at ¶ 36. On this record, and in the absence of any objection by Plaintiff, the Court concludes that the religious exception requests of Timms and Willems are valid subjects for incorporation by reference. Exhibits 1 and 2 to the Durr Declaration will therefore be considered in resolving the motion.

## BACKGROUND

Plaintiffs in this case were healthcare workers employed by Defendant St. Charles Health System, Inc. Compl. ¶ 1. During the COVID-19 pandemic, Defendant instituted a requirement that its employees be vaccinated against COVID-19. *Id.* at ¶ 3. Employees were able to request an exception to the vaccine mandate on religious grounds. *Id.* Plaintiffs allege that they have religious objections that prevent them from receiving the vaccine. *Id.* at ¶ 4. Plaintiffs each sought and received an exception to the vaccination requirement. *Id.* at ¶¶ 6, 11, 15, 19, 23, 26. Plaintiffs

were placed on unpaid leave and subsequently terminated. *Id.*

## DISCUSSION

Plaintiff brings claims for (1) unlawful employment discrimination based on religion in contravention of ORS 659A.030; and (2) unlawful employment discrimination in contravention of Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq*. Defendant moves (1) to dismiss all claims under ORS 659A.030 as time-barred; (2) to dismiss the Title VII claims of Riser, Mulkey, Timms, Runk, and Wells as untimely; (3) to dismiss the religious discrimination claims of Timms and Willems for failure to state a claim; and (4) Defendant moves in the alternative to dismiss Plaintiffs' Title VII claims for unlawful harassment and hostile work environment on the basis that Plaintiffs have failed to state a claim. As noted, Plaintiffs have not responded to the motion and the time for doing so has passed.

### I. Timeliness under ORS 659A.030

Oregon law provides that when a person files a complaint to BOLI, they "must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880." ORS 659A.875(2).[1] The BOLI right-to-sue letters state: "Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice." *See, e.g.,* Gibson Decl. Ex. 1, at 1.

Here, BOLI right-to-sue letters were issued to Riser, Mulkey, Timms, Willems, and Wells on July 11, 2023. Gibson Decl. Exs. 1, 2, 3, 5, 6. The ninety-day period for

---

[1] ORS 659A.885 provides a civil cause of action for, *inter alia*, violations of ORS 659A.030.

Page 5 –OPINION & ORDER

those notices ran on October 9, 2023. A BOLI right-to-sue letter was issued to Runk on July 10, 2023. Gibson Decl. Ex. 4. The ninety-day period on that notice ran on October 8, 2023. This action was commenced on November 20, 2023, which is beyond the ninety days allowed by the statute. The claims are therefore time-barred. *See Craven*, 2023 WL 5237698, at *4 (dismissing ORS 659A.030 claims brought more than ninety days after the mailing of the BOLI right-to-sue letters as untimely).

The Court GRANTS Defendant's motion to dismiss Plaintiffs' claims under ORS 659A.030 on the basis that those claims are untimely. As no amendment would remedy this defect, dismissal is without leave to amend.

## II. Timeliness under Title VII

Defendant moves to dismiss the Title VII claims for Riser, Mulkey, Timms, Runk, and Wells on the basis that those claims are time-barred. Under Title VII, a plaintiff has ninety days to bring an action after receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1108 n.6 (9th Cir. 2018). "[I]f a claimant fails to file the civil action within the ninety-day period, the action is barred." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).

"The statute of limitations begins to run from the date on which a right-to-sue letter is delivered to either the claimant or his attorney, whichever comes first." *Rhodes v. Raytheon Co.*, 555 Fed. App'x 665, 667 (9th Cir. 2014). "If a recipient is not sure when the notice arrived, we presume both that it was mailed on its date of issue and that it arrived three days later, including weekends." *Id.* This presumption is

rebuttable and "to rebut a mailing presumption, the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007). "Plaintiff may overcome this presumption with specific evidence; however, vague, unsupported allegations are insufficient." *Craven*, 2023 WL 5237698, at *4.

In this case, Riser's and Timms's EEOC letters were issued on August 9, 2023, and mailed to Plaintiffs' counsel. Gibson Decl. Exs. 7, 9. Mulkey's letter was issued on August 8, 2023, and mailed to her address. Gibson Decl. Ex. 8. Runk's and Wells's letters were issued on August 10, 2023, and mailed to Plaintiffs' counsel. Gibson Decl. Exs. 10, 12.[2]

Riser, Mulkey and Timms allege that they received their EEOC right-to-sue letters on August 23, 2023. Compl. ¶¶ 9, 13, 17. Runk and Wells allege that they received their EEOC right-to-sue letters on August 22, 2023. *Id.* at ¶¶ 20, 27.

Although these dates are substantially more than three days after the right-to-sue letters were issued, they are pleaded with specificity. The mailing presumption applies when "recipient is not sure when the notice arrived." *Rhodes*, 555 Fed. App'x at 667; *cf Craven*, 2023 WL 5237689, at *3-4 (finding the mailing presumption applied where the plaintiff pleaded that he received the EEOC letter "on or about" a particular date). Here, Plaintiffs have pleaded that they received the letters on a particular date and so the presumption is not implicated. Defendant is, of course, entitled to explore this allegation in discovery and may re-raise the issue

---

[2] Defendant does not challenge the timeliness of Willems's Title VII claim based on the date of issuance. Gibson Decl. Ex. 11.

of timeliness in a future motion, if warranted. On a Rule 12(b)(6) motion, however, the Court is bound to accept the factual allegations as they are pleaded in the Complaint. The Court therefore declines to dismiss Plaintiffs' Title VII claims on the basis of timeliness.

### III.   Religious Discrimination Claims of Timms and Willems

Defendant moves to dismiss the religious discrimination claims of Timms and Willems on the basis that they have failed to adequately allege "a 'sincerely held religious belief' that conflicted with the vaccine mandate." Def. Mot. 14. As noted, Plaintiffs have failed to file a timely response to the motion and so have forfeited their opportunity to challenge Defendant's motion.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004).

Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id.* If an employee makes out a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

To make a prima facie case of religious discrimination under Title VII, a plaintiff must show that "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano*, 139 F.3d at 681 (citation omitted).

"A bona fide religious belief is one that is 'sincerely held,'" and a court "should generally accept the assertion of a sincerely held religious belief." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted). The burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). However, a court need not take "conclusory assertions of violation of religious beliefs at face value." *Id.* "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case," and "Title VII does not protect medical, economic, political, or social preferences." *Kather*, 2023 WL 4865533, at *3 (internal quotation marks and citations omitted).

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shringers Hosp. for Chilren*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Although, as noted, "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiff's conclusory allegations of violations

of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge*, 63 F.4th at 1223. "Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies." *Gamon*, 2023 WL 7019980, at *2 (collecting cases). As courts in this District have held, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather*, 2023 WL 4865533, at *5; *see also Trinh v. Shriner's Hosp. for Children*, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. 23, 2023) (finding that a complaint failed to state a claim for religious discrimination based on conclusory allegations concerning objections based on "bodily integrity" and "purity of [the plaintiff's] body."); *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) (*Craven II*) ("Of course, this Court does not question the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.' But Plaintiff's belief about the composition of his body and that of the vaccine are independent of one another[.]'" (internal citation omitted)).

Here, Timms alleges that she "believes that her body is God's temple and lives her life keeping her body clean of substances that potentially could cause her harm." Compl. ¶ 15. Timms "believes that the COVID-19 vaccine violates the command to offer her body as a living sacrifice to God and violates God's command not to contaminate her body and spirit." *Id.* In her request for a religious exemption,

Page 10 –OPINION & ORDER

Timms stated that she is a Christian and that "[p]ursuant to my deeply held belief, I have lived in such a way that I have kept my body clean of substances that could potentially cause me harm." Durr Decl. Ex. 1, at 4. Timms stated that she did get a COVID-19 vaccination shot but that "[t]hrough prayer and research, I believe the Covid vaccine, with its numerous additives and mechanisms for altering my body, directly violates the command to offer my body as a living sacrifice to God and violates God's command to not contaminate my body and spirit." *Id*. Timms continued: "Taking this vaccine is an act that may compromise my health and ability to work for God and others the way God has intended me, and go against what God is telling me to do at this time." *Id*. In another request form, Timms wrote "I had one Pfizer shot before learning the dangers it can pose to one's body," and expressed her understanding that the vaccine did not prevent the transmission of COVID-19 and her belief that she could continue to provide patient care using protective equipment. *Id*. at 1.

Willems offers the threadbare allegation that she "has strong Christian religious beliefs that prevented her from receiving the COVID-19 vaccine." Compl. ¶ 23. In her vaccine exception request, Willems wrote about her Christian upbringing before stating: "I have several health issues so I have prayed long and hard regarding the vaccine," and "[t]he answer has always been a resounding no." Durr Decl. Ex. 2, at 3.

Here, both Timms and Willems make vague references to Christian belief as a basis for their exception requests. Timms's request for an exemption is, on it face,

based on the idea that the vaccine contents are harmful and would compromise her health. It also indicates that her request for an exemption was based on her research, rather than a religious precept. This is bolstered by Timms's statements concerning her belief that the vaccine was ineffective at preventing transmission of COVID-19. *See Detwiler v. Mid-Columbia Medical Center*, Case No. 3:22-cv-01306-JR, 2023 WL 7221458, at *6 (D. Or. Sept. 1, 2023) ("[T]he Court readily accepts that plaintiff has a bona fide religious belief that her body is a temple of the Holy Spirit—however, plaintiff's specific determination of what is harmful (i.e., ethylene oxide) was not, in this case, premised on the Bible or any other religious tenet or teaching, but rather on her research-based scientific/medical judgments."). The Court concludes that Timms has failed to plausibly allege that her objection to the vaccine mandate was religious in nature or that there was a conflict between her beliefs and the vaccine mandate.

In the case of Willems, her request for an exception focused on her "health issues" as a reason for declining the vaccine. The Court concludes that this fails to establish that her request was based on a religious belief, rather than a personal preference. In addition, it fails to describe a conflict between that belief and the vaccination mandate. *See Kather*, 2023 WL 4865533, at *5 (holding that "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations.").

The Title VII claims of Timms and Willems will therefore be dismissed for failure to state a claim. The Court must also consider whether dismissal should be

with or without leave to amend.  "Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks and citation omitted).  In *Craven II*, the district court was presented with a similar procedural situation as in the present case in that the defendant submitted the plaintiff's exemption form for consideration under the doctrine of incorporation by reference. *Craven II*, 2024 WL 21557, at *2, n.2.  The court concluded that "Plaintiff's exemption form contains the only facts he could add to an amended complaint …because, under the second element of a prima facie case, the conflict a Title VII Plaintiff alleges must be the same conflict of which he informed his employer." *Id.* at *4 n.3.  As a result, the court concluded that any additional amendment would fail to cure the deficiencies and so amendment would be futile. *Id.*

Here, Plaintiffs have failed to respond to Defendant's motion and so present no argument concerning whether they could allege additional facts in support of their claims.  The Court notes that, as in *Craven II*, Plaintiffs cannot plead around the contents of their religious exception requests.  Dismissal will therefore be without leave to amend.

### IV.   Unlawful Harassment Because of Religion

Finally, Defendants have moved in the alternative to dismiss claims by Riser, Mulkey, Timms, and Willems that they were subjected to unlawful harassment or a "hostile work environment."[3]

---

[3] Plaintiffs Runk and Wells have not alleged any facts indicating they suffered from unlawful harassment.

To establish a prima facie claim for a hostile work environment, a plaintiff must show "'(1) that he was subjected to verbal or physical conduct of a [religious] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.'" *Mills v. PeaceHealth*, 31 F. Supp.3d 1099, 1115 (D. Or. 2014) (quoting *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), alterations in original).

Here, Riser alleges that "she was made to feel like a criminal for not taking the vaccine by her coworkers" and "was told 'you are the reason people are getting sick[.]'" Compl. ¶ 7. Mulkey alleges that she "believes that she may have been 'blacklisted' as she received information from a recruitment agency that St. Charles Human Resources had informed them that she had 'behavioral issues.'" *Id*. at ¶ 12. Willems alleges that "she encountered coworkers who made horrible comments about unvaccinated people," and "[t]he policies and segregation she experienced was the worst bullying she has ever experienced." *Id*. at ¶ 22. Timms alleges that she told the human resources department "how the derogatory and demeaning comments about unvaccinated workers created an unsafe workplace and violated the hospital's code of conduct," and alleges that she felt "trapped and bullied, and not respected for her religious beliefs." *Id*. at ¶¶ 16-17.

On their face, these allegations concern vaccination status and do not allege harassment because of Plaintiffs' religion. *See Brown v. NW Permanente, P.C.*, Case No. 3:22-cv-986-SI, 2023 WL 6147178, at *6 (D. Or. Sept. 20, 2023) ("Plaintiffs allege

no connection between the comments about unvaccinated people and their religion. To remain unvaccinated may be a secular choice, and unvaccinated status alone does not establish any connotation of religious affiliation. Without some connection to their religion, Plaintiffs fail to allege that they faced verbal or physical conduct of a religious nature."). As a result, the Court concludes that Plaintiffs have failed to establish a prima facie claim for a hostile work environment under Title VII and Defendant's motion to dismiss that claim is GRANTED. Because this defect might conceivably be remedied by the allegation of additional facts, dismissal shall be with leave to amend. Plaintiffs shall have thirty day in which to file an amended complaint repleading their claim for a hostile work environment.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 5, is GRANTED in part and DENIED in part. The Court GRANTS Defendant's Motion with respect to Plaintiffs' claims under ORS 659A.030 and those claims are DISMISSED as untimely without leave to amend. The Court DENIES Defendant's Motion with respect to Plaintiffs' Title VII claims on the basis of timeliness. The Court GRANTS Defendant's Motion with respect to the Title VII claims of Plaintiffs Brenda Timms and Greta Willems and those claims are DISMISSED without leave to amend. The Court GRANTS Defendant's Motion with respect Plaintiffs' claims for unlawful harassment and hostile work environment under Title VII and those claims are dismissed with leave to amend. Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint repleading their claims for unlawful harassment and hostile work environment.

It is so ORDERED and DATED this ___6th___ day of June 2024.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge