IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LINDA RISER; LORNA MULKEY; BRENDA TIMMS; BARBARA RUNK; GRETA WILLEMS; MICHELLE WELLS, | Civ. No. 6:23-cv-1720-AA |
| Plaintiffs, | **OPINION & ORDER** |
| vs. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant. | |

AIKEN, District Judge:

Plaintiffs Linda Riser, Lorna Mulkey, Brenda Timms, Barbara Runk, Greta Willems, and Michelle Wells return to the Court with a First Amended Complaint ("FAC") in their religious discrimination case against former employer St. Charles Health System under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under ORS 659A.030. *See* FAC, ECF No. 13. Defendant moves to strike the FAC or, alternatively, to dismiss the claims. ECF No. 16. For the reasons stated below, Defendant's Motion, ECF No. 16, is GRANTED. The only claims that remain before the Court are the Title VII failure to accommodate claims of Plaintiffs Riser, Mulkey, Runk, and Wells.

BACKGROUND

In the summer of 2021, during the COVID-19 pandemic, Defendant "imposed a vaccine mandate to its employees but, consistent with law, permitted employees to

Page 1 – OPINION AND ORDER

apply for religious or medical exceptions to the vaccine." FAC ¶ 3; *Former* OAR 333-019-1010 (Aug. 5, 2021). Plaintiffs were employees at one of Defendant's healthcare facilities who each sought and obtained a religious exemption to the vaccine. FAC ¶¶ 6, 11, 15, 19, 23, 26. They were each placed on unpaid leave and later terminated. *Id.*

Plaintiffs brought Title VII and state claims against Defendant for failure to accommodate their religious beliefs. *See* FAC. In its prior Order, the Court dismissed with prejudice the untimely state claims and the deficient claims of Plaintiffs Timms and Willems. Opinion & Order ("O&O") at 6, 12, 16, ECF No. 12. The remaining Plaintiffs Riser, Mulkey, Runk, and Wells were granted leave to amend their Title VII hostile work environment claims. *Id.* at 16. Plaintiffs return to the Court with a FAC that repleads the dismissed state claims, FAC ¶¶ 32–38, and Timms' and Willems' dismissed claims, *id.* at ¶¶ 14–17, 21–24, and adds five new Title VII claims, for which Plaintiffs did not seek leave to amend, *id.* at ¶ 44.

## LEGAL STANDARD

Under Rule 12(f), a court may strike pleadings that include "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To be impertinent or immaterial, the allegations must not have any possible bearing on the controversy." *City of Tillamook v. Kennedy Jenks Consultants, Inc.*, 3:18-cv-02054-BR, 2019 WL 1639930, at *2 (D. Or. April 16, 2019). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

A motion to dismiss under Rule 12(b)(6) tests the claims' sufficiency. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(6). When evaluating a claim's sufficiency, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* (cleaned up). A court need not accept as true legal conclusion couched as factual allegation. *Id.*

## DISCUSSION

Defendant moves to strike or dismiss the FAC on the grounds that Plaintiffs (1) failed to comply with the Court's Order by including claims and parties already dismissed, Def Mot. at 4–5; (2) failed to comply with the Court's Order by exceeding the scope of prior leave to amend by introducing new Title VII claims, *id.* at 9–10; and (3) failed to state a Title VII hostile work environment claim, *id.* at 6. Finally, Defendant requests reasonable costs and attorney fees incurred in filing its Motion. *Id.* at 11.

I.   *Dismissed Claims and Parties*

The FAC repleads dismissed claims and parties. Defendant moves to strike the repleaded claims and parties because the pleadings "fail to comply with applicable

court orders," *id.* at 4, and the claims are "redundant" and "immaterial," *id.* at 5. Plaintiffs offer no response. *See* Pl. Resp., ECF No. 20.

Plaintiffs replead the untimely state claims that the Court had dismissed with prejudice in its prior Order. FAC ¶¶ 32–38; O&O at 6, 16. And Timms and Willems replead their Title VII claims that the Court had also dismissed with prejudice in its prior Order. FAC ¶¶ 14–17, 21–24; O&O at 12, 16. In that Order, the Court determined that Timms and Willems failed to state a religious basis for their discrimination claims and thus could not invoke Title VII protections. O&O at 12. The Court also determined that Timms and Willems could not cure those deficiencies because the only facts they could plead were the already-pleaded facts from their employee vaccination exemption request forms. *Id.* at 13.

Because the Court had already dismissed these claims and parties, they are immaterial and impertinent to ongoing litigation. *See Pioquinto v. Scheldt*, No. 3:18-cv-00412-JR, 2021 WL 5986909, at *1 (D. Or. Oct. 25, 2021) (striking repleaded but previously resolved claims as immaterial and impertinent); *see also SC Innovations, Inc. v. Uber Tech., Inc.*, No. 18-cv-07440-JCS, 2020 WL 2097611, at *11 (N.D. Cal. May 1, 2020) (striking repleaded claims that had been dismissed with prejudice) (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) and noting that the Ninth Circuit does not require claims to be repleaded in a later amended complaint to preserve them for appeal).

Accordingly, the Court strikes from the FAC all state law claims and Timms' and Willems' repleaded Title VII claims as immaterial and impertinent.

II.   *New Title VII Claims*

The FAC adds five new Title VII claims. Defendant moves to strike or dismiss the new Title VII claims because they "exceeded the Court's Order, and Plaintiffs failed to seek leave of Court for additional amendment as required by FRCP 15." Def. Mot. at 2. Plaintiffs respond with a single sentence, asserting that they "have a sound basis to add additional theories of relief to the Amended Complaint." Pl. Resp. at 2. But they do not explain what that "sound basis" is.

In direct contravention of the Court's Order granting limited leave to amend, Plaintiffs Riser, Mulkey, Runk, and Wells allege five new Title VII claims for the first time: "wrongful termination disparate treatment," and "wrongful termination disparate impact," "wrongful reduction in pay," "retaliation," and "pattern or practice discrimination." FAC ¶ 44. The new claims were added without first seeking the Court's leave as required by Rule 15. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

Plaintiffs' FAC exceeds the scope of this Court's Order, which reads, "Plaintiffs shall have thirty day in which to file an amended complaint repleading their claim[s] for a hostile work environment." O&O at 15. This language permits neither the addition of new claims nor the addition of new parties. When a party exceeds the scope of a court's leave to amend, the claims may be dismissed under Rule 12(b)(6) for failure to state a claim. *See Boyack v. Regis Corp.*, 812 Fed. Appx. 428, 431 (9th Cir. 2020) (new causes of action pleaded outside scope of leave to amend are properly

Page 5 – OPINION AND ORDER

dismissed under Rule 12(b)(6)); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10–CV–01390–LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Strifling v. Twitter Inc.*, No. 22-cv-07739-JST, 2024 WL 54976, at *1 (N.D. Cal. Jan 4, 2024) ("[C]ourts . . . consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend.") (collecting cases).

Because the five new Title VII claims exceed the scope of the leave to amend, the Court dismisses those claims under Rule 12(b)(6).

III. *Hostile Work Environment Claims*

Plaintiffs allege that "[St Charles'] staff and employees created a hostile work environment for the Plaintiffs under Title VII by making threatening and hostile statements which made Plaintiffs feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine." FAC ¶ 44.

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to . . . conditions, or privileges of employment[] because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). A Title VII hostile work environment claim must allege that (1) a plaintiff was "subjected to verbal or physical conduct of a [religious] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's

employment and create an abusive work environment." *Mills v. PeaceHealth*, 31 F. Supp. 3d 1099, 1115 (D. Or. 2014) (brackets in *Mills*) (quoting *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003)).

Defendant asserts that Plaintiffs fail to state a hostile work environment claim because Plaintiffs fail to "address [the] fatal flaws," that the Court had identified in its prior opinion—the missing pleading elements: "severe and pervasive" conduct and "because of religion." Def. Mot. at 6. Defendant also asserts that "[n]one of [the] amended allegations are specific to any of the Plaintiffs still parties to this case (Riser, Mulkey, Runk, and Wells)." *Id*. at 8.

The Court agrees. First, Plaintiffs provide no facts to support that "[St Charles'] staff and employees . . . [made] threatening and hostile statements[.]" FAC ¶ 44. For example, Plaintiffs do not allege any specific occurrences of such statements or examples of such statements. Without such facts, Plaintiff's allegations are conclusory. Second, Plaintiffs allege that "St. Charles handed out yellow badge stickers for employees to wear, indicating that they were vaccinated," thus "immediately expos[ing]" any "employee without a yellow badge sticker . . . as unvaccinated." *Id.* They assert that Defendant's badge policy created a hostile work environment "directed primarily towards the most devout religious Christians in their hospital" because 69% of unbadged (*i.e.*, unvaccinated) employees had received an exemption on religious grounds. *Id.*

Plaintiffs' allegations suggest that if any humiliation or harassment occurred because of the badge policy, it was connected to Plaintiffs' vaccination status, not

Page 7 – OPINION AND ORDER

their religious status. Even assuming that any badge-related 'verbal or physical conduct' occurred and rose to the level of being 'sufficiently severe or pervasive' to create an 'abusive work environment'—and Plaintiffs provide no facts to support that it did—at least 31% of the unbadged (*i.e.*, unvaccinated) employees had received a vaccine exemption on non-religious grounds. Indeed, Plaintiffs allege that they were "humiliated based on vaccination status." *Id.* at ¶ 44. But Plaintiffs cannot invoke Title VII protections for being unvaccinated because vaccination status, unlike religious status, is not a protected class under Title VII. *See Brown v. NW Permanente, P.C.*, No. 3:22-cv-986-SI, 2023 WL 6147178, at \*6 (D. Or. Sept. 20, 2023) ("To remain unvaccinated may be a secular choice, and unvaccinated status alone does not establish any connotation of religious affiliation. Without some connection to their religion, [p]laintiffs fail to allege that they faced verbal or physical conduct of a religious nature.").

Because Plaintiffs fail to allege with specificity that they faced severe or pervasive verbal or physical conduct aimed at their religious status, their claim fails.

IV.   *Attorneys' Fees*

Citing the fact that Plaintiffs defied the Court's Order, violated multiple rules, and failed to respond to Defendant's motion, Defendant requests "leave to file a petition for its reasonable attorney fees and costs incurred in having to file [its] motion to strike." Def. Mot. at 13.

Under the American Rule, the prevailing party "is ordinarily not entitled to collect reasonable attorneys' fees from the loser." *Alyeska Pipeline Serv. Co. v.*

Page 8 – OPINION AND ORDER

*Wilderness Soc.*, 421 U.S. 240, 247 (1975). But "a court may assess attorneys' fees for the 'willful disobedience of a court order' . . . or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]'" *Id.* at 258–59. An award of bad faith fees "is punitive and . . . can be imposed only in exceptional cases[.]" *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1298 (9th Cir. 1982). It serves the dual purpose of "vindicating judicial authority" and "making the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (internal citations and alterations omitted).

To award bad faith fees, a court must make a specific finding of bad faith. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). This is a high bar. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). Bad-faith conduct encompasses a range of "willful improper conduct," including actions that "delay[] or disrupt[] litigation" or "willful disobedience of a court order." *Fink v. Gomez,* 239 F.3d 989, 992–93 (9th Cir. 2001). Inadvertent or negligent misconduct does not rise to the level of bad faith. *Id.* at 993. An improper purpose or intent is required. *Id.* at 992. To determine whether bad faith exists a court may consider the "totality of the circumstances." *Rodriguez v. U.S.*, 542 F.3d 704, 712 (9th Cir. 2008).

Here, the Court finds that Plaintiffs have acted in bad faith. Plaintiffs' FAC repleads dismissed Title VII and state claims and parties, and, in defiance of the Court's Order granting limited leave to amend, Plaintiffs allege five new claims without seeking further leave as required by Rule 15. Plaintiffs also violated Local Rule 15b by failing to file a red-lined copy of the FAC.

Page 9 – OPINION AND ORDER

Before filing its Motion, Defendant conferred with Plaintiffs and advised them that their FAC improperly exceeded the scope of leave to amend and that they violated Rule 15 and the Local Rule. Decl. Ryan Gibson, Ex. 1, ECF No. 17. Despite this warning, Plaintiffs failed to correct course. Defendant asserts that its "Motion could have been averted if Plaintiffs' counsel had simply agreed to voluntarily amend the FAC to comply with the Court's Order." Def. Reply at 7, ECF No. 21.

In addition to the above, Plaintiffs failed to file a substantive response to Defendant's Motion. Plaintiffs instead produced a single sentence: "Plaintiffs have a sound basis to add additional theories of relief to the Amended Complaint," which the Court considers a non-response. *See* Pl. Resp. at 2. Plaintiffs created an unnecessary burden, and disrupted and delayed litigation, by repleading parties and claims and improperly adding new claims. In its Motion, Defendant diligently addressed each party and claim, including the immaterial and improper ones. Yet Plaintiffs failed to respond.

For the above reasons, the Court finds that Plaintiffs acted with improper purpose and intent. Accordingly, the Court grants Defendant leave to file a petition for reasonable attorneys' fees and costs incurred in filing its motion.

V.    *Request for Further Leave*

Though Plaintiffs failed to substantively respond to Defendant's Motion, they did request leave "to amend their Complaint *nunc pro tunc* to allow the additional new theories to be litigated." Pl. Resp. at 2. And they requested "leave to file a Motion

to Reconsider the Court's dismissal of Plaintiffs Willems['] and Timms['] Title VII accommodation claims." *Id.*

    A.    *Leave to Amend to Add New Claims*

Once a court has issued a pretrial scheduling order that establishes a timetable for amending pleadings, Rule 16 controls further motions for leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that "a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy[,]. . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Plaintiffs' request for leave to amend "to allow the additional new theories to be litigated" is denied because Plaintiffs do not provide good cause to modify the Court's pre-trial scheduling order. In fact, Plaintiffs provide no argument for why the Court should grant such leave. The Court gave Plaintiffs thirty days to amend their Complaint. If Plaintiffs intended to add new claims, they could have sought further leave at any time during that thirty days. The Court finds that Plaintiffs were not diligent and, accordingly, denies leave to add the new Title VII claims.

    B.    *Leave to Reconsider the Judgment*

Plaintiffs also seek leave to file a Motion to Reconsider the Court's prior 12(b)(6) dismissal of Timms' and Willems' Title VII failure to accommodate claims.

Page 11 – OPINION AND ORDER

Those claims were dismissed with prejudice because the Court concluded that Timms and Willems failed to plead a religious basis for their claims—deficiencies that could not be cured. *See* O&O at 12–13.

Under Rule 59(e), a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court, in its discretion, may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (internal quotation marks and citation omitted, alteration normalized).

The judgment dismissing Timms' and Willems' Title VII claims was entered on June 6, 2024. Plaintiffs requested leave to file a Rule 59(e) motion on August 30, 2024—85 days after Timms' and Willems' judgment was entered and well beyond the 28 days allowed by Rule 59(e). Because Plaintiffs' request is untimely, it is denied.

    C.    *Leave to Amend the Hostile Work Environment Claims*

Riser, Mulkey, Runk, and Wells do not request leave to amend their hostile work environment claims. Generally, Rule 15 "advises the court that leave shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316

F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted); Fed. R. Civ. P. 15.

But "[d]ismissal without leave to amend is proper . . . if it is clear . . . that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003) (internal quotation marks and citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty., Idaho,* 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (citation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Here, Riser, Mulkey, Runk, and Wells have twice pleaded their hostile work environment claims. Despite specific instructions as to how to cure their pleading flaws, Plaintiffs still fail to address the pleading elements and to provide facts specific to each plaintiff. Further, because Plaintiffs failed to respond to Defendant's Motion, they present no argument that they could allege additional facts to support their claims. Accordingly, the Court dismisses the Title VII hostile work environment claims with prejudice.

## CONCLUSION

For the reasons explained, the Court GRANTS Defendant's Motion to Strike and, alternatively, its Motion to Dismiss, ECF No. 16, as set forth below:

(1) The Court STRIKES the FAC's state law claims under ORS 659A.030.

(2) The Court STRIKES the FAC's Title VII claims as to Plaintiffs Brenda Timms and Greta Willems.

(3) The Court DISMISSES with prejudice the FAC's five new Title VII claims.

(4) The Court DISMISSES with prejudice the Title VII hostile work environment claims of Plaintiffs Linda Riser, Lorna Mulkey, Barbara Runk, and Michelle Wells.

(5) The Court GRANTS Defendant leave to file a petition for reasonable costs and attorneys' fees incurred in filing its Motion.

Plaintiff has 14 days from the date of this Order to file a conforming complaint that includes only the remaining Title VII failure to accommodate claims of Plaintiffs Riser, Mulkey, Runk, and Wells. Defendant has 14 days from the date of the filing of the conforming complaint to file an Answer as to the remaining Title VII failure to accommodate claims of Plaintiffs Riser, Mulkey, Runk, and Wells.

It is so ORDERED and DATED this __7th__ day of March 2025.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge